EFILED IN OFFICE
CLERK OF SUPERIOR COURT
UNION COUNTY, GEORGIA
SUCV2024000144
RG
MAY 08, 2024 11:26 AM
Judy L. Odom, Clerk
Union County, Georgia

**IN THE SUPERIOR COURT OF UNION COUNTY**

**STATE OF GEORGIA**

MARTA P. GUILLEN,

Plaintiff,

CIVIL ACTION
FILE NO.

vs.

WAL-MART STORES EAST, LP,

**JURY TRIAL DEMANDED**

Defendant.

______________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, MARTA P. GUILLEN, and sues Defendant, WAL-MART STORES EAST, LP, as follows:

1. Plaintiff is a resident of the State of Florida and has been a resident of the State of Florida at all times relevant to this case.

2. Defendant WAL-MART STORES EAST, LP is a foreign profit corporation. Its agent for service of process is The Corporation Company, 112 North Main Street, Cumming, Georgia 30040.

3. On June 24, 2022, Plaintiff suffered multiple injuries, when a sign fell on her leg while on the property, Wal-Mart Supercenter, located at 2257 GA-515, Blairsville, GA 30512, which is owned and improperly maintained by WAL-MART STORES EAST, LP.

4. Defendant negligently maintained an unsafe condition of the premises located at 2257 GA-515, Blairsville, GA 30512 by allowing a dangerous environment where Plaintiff was an invitee.

DEFENDANT'S EXHIBIT

A

5. At the time of the incident, no warnings were posted in the vicinity of the sign to warn customers, especially Plaintiff of the dangerous condition.

6. Plaintiff did nothing to contribute to this incident. The Plaintiff's fall was directly and proximately caused by the unsafe condition of the premises.

7. As a direct and proximate result of the actions of the Defendant, the Plaintiff sustained the following medical bills:

| Provider | Date of Service | Amount |
|---|---|---|
| Union General Hospital | 6/24/2022 | $ 762.00 |
| Southland ER | 6/24/2022 | $ 414.00 |
| South Georgia Radiology | 6/24/2022 | $ 38.00 |
| Miami Institute for Joint Reconstruction | 7/27/2022 – 5/10/2023 | $ 4,603.00 |
| Mariners Hospital – P.T. | 12/2/2022 – 12/19/2022 | $3,576.00 |
| South Florida Diagnostic Imaging | 6/12/2023 | $1,900.00 |
| **TOTAL:** | | **$11,293.00** |

8. Further, the Plaintiff was unable to perform her full employment responsibilities as a result of her injuries and suffered loss wages in the amount of approximately $100,000.00.

9. As a result of the fall, Plaintiff suffered and continues to suffer permanent disability, extreme discomfort, inconvenience and physical pain, suffering, and mental anguish.

## Count One

10. The Plaintiff re-alleges and incorporates by reference the allegations as set forth in paragraphs 1 through 9 above as though fully set forth herein.

11. On June 24, 2022, Defendant owned or was in possession of the premises located at 2257 GA-515, Blairsville, GA 30512.

12. At the time of the incident, Defendant was the owner and/or occupier of the property located at 257 GA-515, Blairsville, GA 30512, and as such has the duty to exercise ordinary care to maintain the premises and keep the premises safe.

13. Defendant, through its agents and employees, had superior knowledge regarding the unsafe condition of the premises.

14. Defendant knew or should have known that it was likely that injury would result to their invitees and other individuals on the property if the unsafe condition of the sign remained.

15. Defendant breached its duties to the Plaintiff by failing to inspect and keep the property located at 2257 GA-515, Blairsville, GA 30512, safe and free of dangerous conditions, and allowed the premises to remain in an unsafe condition.

16. As a result of Defendant's negligence, failure to keep safe and to maintain the premises, and failure to warn, the Plaintiff is entitled to recover for the injuries she sustained, including the cost of the medical treatment, the cost of the future medical treatment, past and future pain and suffering, and all other elements of damages as allowed under the laws of the State of Georgia.

**Count II**

17. The Plaintiff re-alleges and incorporates by reference the allegations as set forth in paragraphs 1 through 16 above as though fully set forth herein.

18. Defendant is vicariously responsible for its employees' actions and omissions.

WHEREFORE, Plaintiff prays that process issue directed to the Defendant requiring it to answer this Complaint; that she receive a trial; that she have judgment against the Defendant for special damages in such amount as the evidence may show, including the costs of present and future medical treatment, for the general damages, including the present and future disability, pain, suffering and mental anguish, and lost wages in the amounts to be determined by the enlightened conscience of the Court, and that she receive such other and further relief as this Court may deem just and proper.

Respectfully submitted this 8th day of May, 2024.

LAW OFFICE OF DANIEL R. DUELLO, LLC

***/s/ Daniel R. Duello***

Daniel R. Duello
Attorney for Plaintiff
18 Veterans Memorial Drive
Blairsville, GA 30512
Telephone: 706.603.3036
Email: daniel@duellolaw.com
Georgia Bar No. 342855

## SHERIFF'S ENTRY OF SERVICE

Civil Action No. SUCV2024000144

Date Filed 05/08/24 11:26 AM

Attorney's Address Duello, Daniel
Law Office of Daniel R. Duello
18 Veterans Memorial Dr
Blairsville, GEORGIA 30512-

Superior Court ☒ Magistrate Court ☐
State Court ☐ Probate Court ☐
Juvenile Court ☐

Georgia, UNION COUNTY

Guillen, Marta P

Plaintiff

VS.

Wal - Mart Stores East, LP

Defendant

Garnishee

Name and Address of Party to be Served.
Wal - Mart Stores East, LP

106 Colony Park Drive, Suite 800-B

Cumming, GEORGIA 30040

SHERIFF'S ENTRY OF SERVICE

PERSONAL
☐ I have this day served the defendant ______ personally with a copy of the within action and summons.

NOTORIOUS
☐ I have this day served the defendant ______ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of ______ described as follows: age, about ___ years; weight ___ pounds; height, about ___ feet and ___ inches, domiciled at the residence of defendant.

CORPORATION
☒ Served the defendant [illegible] a corporation by leaving a copy of the within action and summons with [illegible] in charge of the office and place of doing business of said Corporation in the County.

TACK & MAIL
☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, first class in an envelope property address to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

NON EST
☐ Diligent search made and defendant ______ not to be found in the jurisdiction of this court.

This 22 day of [illegible], 20 24

[illegible] J 803
Deputy

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
UNION COUNTY, GEORGIA
SUCV2024000144
RG
JUN 07, 2024 04:20 PM
Judy L. Odom, Clerk
Union County, Georgia

SUPERIOR COURT OF UNION COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARTA P. GUILLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION FILE NO.: |
| | ) | SUCV2024000144 |
| WAL-MART STORES EAST, LP., | ) | |
| | ) | |
| Defendant. | ) | |

**WAL-MART STORES EAST, LP.'S ANSWER AND JURY TRIAL DEMAND**

Defendant Wal-Mart Stores East, LP. (hereinafter, "Walmart"), by and through counsel of record, files this Answer to Plaintiff's Complaint and shows as follows:

**FIRST DEFENSE**

Responding to the specific allegations of the numbered paragraphs of Plaintiff's Complaint, Walmart answers:

1.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

2.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

3.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

4.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

5.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated.

6.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

7.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

8.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

9.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

10.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

11.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

12.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

13.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

14.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

15.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint

16.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

17.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

18.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

19.

Any allegation, language, or paragraph of Plaintiff's Complaint not hereinbefore responded to is specifically denied by Walmart.

WHEREFORE, having fully answered Plaintiff's complaint, Walmart prays:

a) that Plaintiff's Complaint be dismissed;

b) that Walmart have judgment in their favor;

c) that Walmart have a trial by jury of twelve persons; and

d) that Walmart have all other proper relief.

This 07 day of June, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Matthew J. Hurst
Matthew J. Hurst
Georgia Bar No. 480267
Heather Keller
Georgia Bar No. 727602
Attorneys for Walmart

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@waldonadelman.com
hkeller@waldonadelman.com

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
UNION COUNTY, GEORGIA
SUCV2024000144
RG
JUN 11, 2024 03:40 PM
Judy L. Odom, Clerk
Union County, Georgia

SUPERIOR COURT OF UNION COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| MARTA P. GUILLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | CIVIL ACTION FILE NO.: |
| | ) | SUCV2024000144 |
| WAL-MART STORES EAST, LP., | ) | |
| | ) | |
| Defendant. | ) | |

**WAL-MART STORES EAST, LP.'S FIRST AMENDED ANSWER AND JURY TRIAL DEMAND**

Defendant Wal-Mart Stores East, LP. (hereinafter, "Walmart"), by and through counsel of record, files this Amended Answer to Plaintiff's Complaint and shows as follows:

**FIRST DEFENSE**

Plaintiff's claim may be barred by Plaintiff's assumption of the risk.

**SECOND DEFENSE**

Plaintiff's claim may be barred due to Plaintiff's contributory or comparative negligence.

**THIRD DEFENSE**

Plaintiff's claim may be barred due to Plaintiff's own conduct, or by the conduct of its agents, representatives, and consultants.

**FOURTH DEFENSE**

Plaintiff's claim may be barred due to a third-party's conduct, or by the conduct of its agents, representatives, and consultants.

**FIFTH DEFENSE**

Plaintiff's claim may be barred due to Defendant's lack of knowledge of the alleged hazard.

**SIXTH DEFENSE**

Plaintiff's claim may be barred and/or limited due to Plaintiff's failure to mitigate damages.

**SEVENTH DEFENSE**

Plaintiff's claim may be barred due to Plaintiff having received adequate warning prior to the subject incident occurring.

**EIGHT DEFENSE**

Plaintiff's claim may be barred due to the alleged hazard being open and obvious.

**NINTH DEFENSE**

Defendant will rely upon any and all defenses supported by facts developed during discovery proceedings in this action and hereby specifically reserves the right to amend its Answer for the purposes of asserting any such additional defenses.

**TENTH DEFENSE**

Responding to the specific allegations of the numbered paragraphs of Plaintiff's Complaint, Walmart answers:

1.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

2.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

3.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

4.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

5.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint as stated.

6.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

7.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

8.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

9.

Walmart is without knowledge sufficient to admit or deny the allegations contained within this paragraph of Plaintiff's Complaint.

10.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

11.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

12.

Walmart admits the allegations contained within this paragraph of Plaintiff's Complaint.

13.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

14.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

15.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint

16.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

17.

Walmart adopts, and incorporates by reference, all preceding paragraphs.

18.

Walmart denies the allegations contained within this paragraph of Plaintiff's Complaint.

19.

Any allegation, language, or paragraph of Plaintiff's Complaint not hereinbefore responded to is specifically denied by Walmart.

WHEREFORE, having fully answered Plaintiff's complaint, Walmart prays:

a) that Plaintiff's Complaint be dismissed;

b) that Walmart have judgment in their favor;

c) that Walmart have a trial by jury of twelve persons; and

d) that Walmart have all other proper relief.

This 11 day of June, 2024.

WALDON ADELMAN CASTILLA
MCNAMARA & PROUT

/s/ Matthew J. Hurst
Matthew J. Hurst
Georgia Bar No. 480267
Attorney for Walmart

900 Circle 75 Parkway
Suite 1040
Atlanta, Georgia 30339
(770) 953-1710
mhurst@waldonadelman.com